IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAWRENCE M. CROSS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV-17-1262-D |
| | ) | |
| CARL BEAR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, the undersigned has reviewed the Petition and recommends that the Petition be dismissed.

I. Background

In his Petition, Petitioner attempts to challenge his convictions entered in the District Court of Stephens County, Oklahoma, in Case No. CF-2009-316. In that case, Petitioner pled guilty in 2010 to multiple drug trafficking offenses. He is serving the sentences entered for those convictions, and he is currently confined at

the Joseph Harp Correctional Center in Lexington, Oklahoma. Petitioner is no stranger to this Court, having previously sought § 2254 relief concerning the same convictions and sentences.

In Cross v. Franklin, Case No. CIV-12-39-D, Petitioner challenged his convictions and sentences in Case No. CF-2009-316. Petitioner alleged that his guilty plea entered in the state criminal proceeding was not knowingly and voluntarily entered. The case was referred to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), and the undersigned entered a Report and Recommendation on June 27, 2012, addressing each of Petitioner's claims and recommending that the petition be denied. United States District Judge DeGiusti adopted the Report and Recommendation and entered Judgment denying habeas relief.

Petitioner appealed this decision. In an Order Denying Certificate of Appealability entered April 1, 2013, the Tenth Circuit Court of Appeals affirmed this Court's decision. The appellate court rejected Petitioner's claim that his guilty plea was not knowingly and voluntarily entered. The court found, specifically, that Petitioner had presented no evidence showing that his judgment was impaired at the time he entered his guilty plea and that Petitioner's claims he (1) misunderstood the charges, (2) did not know the punishment range of the charges filed against him

lacked merit, and (3) was coerced into pleading guilty due to his attorney's lack of preparation for a possible trial lacked merit. Cross v. Franklin, 520 Fed. App'x 671 (10th Cir. 2013)(unpublished op.).

In 2015, Petitioner filed a second 28 U.S.C. § 2254 habeas action challenging the same convictions and sentences entered in Stephens County in 2010. The Court dismissed the action, finding Petitioner "fail[ed] to provide any factual or legal basis for proceeding directly in this Court on what is clearly a second or successive habeas petition, or for transferring his Petition to the Tenth Circuit in the interest of justice." Cross v. Bear, 2015 WL 7272245 (W.D.Okla. 2015)(DeGiusti, D.J.)(Order). Petitioner appealed this decision. On April 1, 2016, the Tenth Circuit Court of Appeals entered an order denying Petitioner's application for a certificate of appealability and dismissing the appeal.

II. Third Habeas Petition

Without so much as a hint that he has previously sought habeas relief in this Court on multiple occasions challenging the same convictions and sentences, Petitioner has now filed what constitutes his third Petition seeking federal habeas relief concerning his convictions and sentences in Case No. CF-2009-316.

In his first ground for habeas relief, Petitioner contends that his convictions and sentences are unlawful because "Petitioner is Indian, victim was Indian, crime

3

took place on Indian land, in Indian country, inside an Indian reservation." Petition (Doc. # 1), at 5. In his second ground for habeas relief, Petitioner contends he is incompetent and "state courts suspended access to courts, due process and habeas corpus due to Petitioner's disabilities." Petition (Doc. # 1), at 6. In ground three, Petitioner contends "counsel should have been appointed and hearing conducted" due to his "history of mental incompetence for years before arrest" and "D.O.C. medical records." Petition (Doc .# 1), at 8.

In response to the question on the habeas form inquiring as to any previously filed petition, application, or motion in a federal court regarding the challenged convictions, Petitioner stated, "Unknown." Petition (Doc. # 1), at 11. Petitioner also stated that he was "unable to understand or answer" the question on the habeas form concerning the timeliness of the Petition under 28 U.S.C. § 2244(d) "due to mental and physical incompetency and disabilities." Petition (Doc. # 1), at 13.

III.  The Court Lacks Jurisdiction to Review Petitioner's Unauthorized Successive Petition

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive [§2254] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner is well aware of this statutory authorization requirement in

light of the fact that his previous habeas petition was dismissed as an unauthorized second or successive petition. "A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until [the Tenth Circuit Court of Appeals] has granted the required authorization." In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008); see 28 U.S.C. § 2244(b)(3).

Here, there is no indication that Petitioner has sought and received an order from the Tenth Circuit Court of Appeals authorizing this Court to consider the merits of the claims presented in the instant Petition. "When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the appellate] court, the district court may transfer the matter to [the appellate] court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." Id. at 1252. "When there is no risk that a meritorious successive § 2254 claim will be lost" absent a transfer, the district court may appropriately exercise its discretion and dismiss the petition. Id.

Pursuant to 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Petitioner contended in his first federal habeas proceeding that his guilty plea was not knowingly and voluntarily entered because

5

he was incompetent at the time of the plea due to his antipsychotic and antidepressant medications. This Court and the Tenth Circuit Court of Appeals reviewed the merits of this claim and determined that the claim had no merit. With respect to his mental health treatment records, the Tenth Circuit specifically found that Petitioner's "records do not show he was incompetent at the time he entered his guilty plea." Cross v. Franklin, 520 Fed. App'x at 674.

Hence, there is no risk that a meritorious successive § 2254 claim will be lost as to the second and third grounds for federal habeas relief asserted in the Petition, and the interest of justice would not be furthered by a transfer of these claims to the Tenth Circuit Court of Appeals for the purpose of seeking authorization to proceed with a successive habeas action raising these claims.

In the only remaining claim asserted in the Petition, Petitioner contends that his convictions in state court must be overturned because the offenses were committed in Indian country. In Case No. CF-2009-316, Petitioner pled guilty to three counts of distribution of a controlled dangerous substance (crack cocaine) with intent to distribute, all after former conviction of two or more felony offenses. Petitioner has not shown that he has exhausted state judicial remedies concerning his new jurisdictional challenge. Nor has Petitioner presented underlying facts relevant to this claim or any of his claims sufficient to establish by clear and

convincing evidence that, but for constitutional error, no reasonable juror would have found him guilty of his offenses. 28 U.S.C. § 2244(b)(20(B)(ii).

Further, the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) expired more than 5 years ago, when Petitioner did not seek a writ of certiorari in the Supreme Court following the October 27, 2011 decision of the Oklahoma Court of Criminal Appeals affirming his convictions and sentences. Thus, his claims are not timely brought under 28 U.S.C. § 2244(d)(1)(A). As previously found by Magistrate Judge Goodwin in Petitioner's previous habeas action, there are no grounds for extending the statute of limitations under either statutory or equitable tolling rules. See Cross v. Bear, Case No. CIV-15-133-D (Goodwin, M.J.)(Report and Recommendation entered Oct. 19, 2015). Nor has Petitioner diligently pursued his new federal claims.

Therefore, there is no risk that a meritorious § 2254 claim will be lost, and the interest of justice would not be furthered by a transfer of this claim to the Tenth Circuit Court of Appeals for the purpose of seeking authorization to proceed with a successive habeas action raising this claim. Accordingly the Petition should be dismissed for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ

of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED for lack of jurisdiction. Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___January 2nd___, 2018, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___12th___ day of ___December___, 2017.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE