IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWRENCE CROSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-17-1262-D |
| ) | |
| WARDEN BEAR, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

This matter is before the Court for review of the Supplemental Report and Recommendation [Doc. No. 10] issued by United States Magistrate Judge Gary M. Purcell on December 12, 2017, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Rule 4 of the Rules Governing Section 2254 Cases. Judge Purcell recommends dismissal of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 1] for lack of jurisdiction because it is an unauthorized successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). Judge Purcell finds that a transfer of the Petition to the court of appeals is not in the interest of justice because it does not allege circumstances to satisfy the requirements of § 2244(b)(2) and it is untimely under § 2244(d)(1).

Petitioner has filed a timely written objection. Thus, the Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, who appears *pro se*, seeks to challenge his 2010 convictions and sentences for drug trafficking offenses in the District Court of Stephens County, Oklahoma, in Case No. CF-2009-316. Petitioner has unsuccessfully sought relief from these same convictions and sentences in both state and federal courts on two prior occasions. *See Cross v. Franklin*, 520 F. App'x 671, 672-73 (10th Cir. 2013) (denying certificate of appealability; stating prior procedural history and claims presented in first habeas petition); *Cross v. Bear*, 644 F. App'x 836, 837 (10th Cir. 2016) (denying certificate of appealability; finding it "not debatable that his § 2254 petition is second or successive or that the district court had no jurisdiction to consider it").

Upon initial examination of the Petition in light of publicly available court records, Judge Purcell finds that the Petition should be dismissed for lack of jurisdiction, for reasons stated *supra*. Although not entirely clear, Petitioner appears to argue in his Objection that the Petition should not be considered statutorily barred because he is mentally incompetent and lacks legal assistance, and that he is not presenting a successive § 2254 petition but is seeking some other type of relief, such as a writ of habeas corpus under § 2241. *See* Petr's Obj. [Doc. No. 11].

Upon *de novo* consideration of the issues raised by Petitioner's Objection, which is liberally construed, the Court fully concurs in Judge Purcell's well-reasoned analysis. Petitioner fails to provide any factual or legal basis for proceeding directly in this Court on what is clearly a successive habeas petition, or for transferring his Petition to the Tenth

Circuit in the interest of justice.[1] Petitioner does not present any argument or authority that would undermine Judge Purcell's finding that this Court lacks jurisdiction to address Petitioner's claims regarding the same state court convictions challenged in prior federal habeas cases, or Judge Purcell's recommendation that the Petition be dismissed rather than transferred to the Tenth Circuit. The Court therefore concurs in the recommendation to dismiss the Petition for lack of jurisdiction due to Petitioner's failure to satisfy the requirements of 28 U.S.C. § 2244(b)(3)(A), and his failure to allege any circumstances that might warrant a transfer of the Petition to the court of appeals.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED in its entirety, and the Petition [Doc. No. 1] is DISMISSED without prejudice. A separate judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

---

[1] In the Objection, like the Petition, Petitioner fails to disclose or acknowledge his prior federal filings or to allege facts that might justify a new filing.

whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied. The denial shall be included in the judgment.

IT IS SO ORDERED this 22nd day of December, 2017.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE